# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>vs. )<br>)<br>ROSIVITO HOSKINS, )<br>)<br>Defendant/Petitioner. ) | NO. 2:99-CR-117<br>(2:16-CV-254) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Correct Sentence Under 28 U.S.C. § 2255, filed by Rosivito Hoskins ("Hoskins") on June 21, 2016 (DE #75).[1]  For the reasons set forth below, the motion is **DENIED.**  Further, this Court declines to issue Defendant a certificate of appealability.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Rosivito Hoskins, #06048-027, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Miles, MI 48160, or to such other more current address that may be on file for the Defendant.

---

[1] On June 15, 2016, just days before the instant motion was filed, Hoskins, acting *pro se*, sent a successive 2255 application to the Court of Appeals for the Seventh Circuit.  On July 14, 2016, after the instant motion was filed, the Court of Appeals for the Seventh Circuit determined that Hoskins had not previously filed a 2255 motion and directed the Clerk to transfer the pleading to this Court for filing as a 2255 motion.  The arguments asserted in Hoskins' *pro se* filing are essentially identical to those raised here and will not be addressed separately.

BACKGROUND

On December 9, 1999, a jury found Rosivito Hoskins ("Hoskins") guilty of possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1). (DE #37). The Court determined that Hoskins had three prior violent felony convictions that qualified him for the enhanced penalties of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Hoskins was sentenced to 293 months of imprisonment. (DE #55).

Hoskins' qualifying Indiana convictions included the following: (1) a 1984 conviction for criminal recklessness; (2) a 1979 conviction for robbery; and (3) a 1979 conviction for burglary. (DE #115 at 59-64). Defendant appealed his conviction and the Seventh Circuit Court of Appeals affirmed.

Hoskins filed the instant motion under section 2255 on June 21, 2016, arguing that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015), he no longer has three qualifying convictions and his sentence is therefore unlawful. The Government filed a response brief on July 28, 2016. Defendant filed a reply brief on August 31, 2016. The motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus

motion pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

The Supreme Court of the United States recently analyzed

3

whether the residual clause of the ACCA is void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563.

The ACCA applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Here, this Court determined that the ACCA applied at Hoskins' sentencing because Defendant had one Indiana criminal recklessness conviction, an Indiana robbery conviction, and an Indiana burglary conviction.

Hoskins argues that, following *Johnson*, none of these three convictions can support a finding that he was an armed career

4

criminal. The parties agree that Hoskins' criminal recklessness conviction falls under the residual clause. The Government, however, argues that Indiana burglary and robbery remain violent felonies, and that Hoskins remains an armed career criminal because he has an additional Indiana conviction for battery.

This Court must consider whether the offenses of Indiana burglary, robbery, and battery are violent felonies that fall within the remaining provisions of the ACCA after the finding in *Johnson* that the residual clause is unconstitutional. Under the ACCA:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that –
>    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. 924(e)(2)(B). Only the last clause – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – was invalidated by *Johnson*. Unfortunately for Hoskins, Indiana burglary, robbery, and battery each remain crimes of violence after *Johnson*.

The Seventh Circuit recently determined that the Indiana offense of burglary fits within the generic definition of burglary and therefore remains a violent felony for purposes of 18 U.S.C. §

5

924(e). *See United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017)(finding after a thorough analysis that "Perry's two Indiana burglary convictions were valid predicate offenses under § 924(e)(2)(B)(ii), and therefore that his § 924(e)(1) sentencing enhancement was warranted."). The statutory language has not changed in any substantive manner since at least 1977, two years prior to Hoskins' offense and matches the language before the Court in *Perry*. At the time of Defendant's conviction, burglary was defined by Indiana law as "break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony in it." Ind. Code § 35-43-2-1 (1977).

Indiana robbery likewise remains a crime of violence following *Johnson*. *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016)(holding that the offense of robbery in violation of Indiana Code § 35-42-5-1 "includes as an element 'the use, attempted use, or threatened use of physical force against the person of another' such that it qualifies as a violent felony under the elements clause of the definition in the Armed Career Criminal Act..." *Id.* at 752-57. The statutory language at issue in *Duncan* is identical to matches the language of the statute at the time of Hoskins' offense. Ind. Code § 35-42-5-1 (1977).

In June of 2017, the Seventh Circuit Court of Appeals held that Class C felony battery under Indiana law remains a valid predicate offense because the offense is defined to include a

6

knowing or intentional act that causes bodily harm. *See Douglas v. Untied States*, 858 F.3d 1069 (7th Cir. 2017). Again, the statutory language in effect at the time of Hoskins' offense matches that at issue in *Douglas*. Ind. Code 35-42-2-1 (1981 and 1984). Furthermore, the charging document indicates that he was charged with battery resulting in serious bodily injury, which would have qualified as a Class C felony, the very same offense considered by the Seventh Circuit in *Douglas*.

Because burglary, robbery, and battery do not fall within the residual clause that *Johnson* held to be unconstitutionally vague, each conviction remains a valid predicate offense for purposes of the ACCA. Accordingly, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted). Hoskins has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the aforementioned reasons, Defendant's section 2255 motion is **DENIED.** Further, this Court declines to issue Defendant a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Rosivito Hoskins, #06048-027, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Miles, MI 48160, or to such other more current address that may be on file for the Defendant.

**DATED: October 31, 2017**        /s/ RUDY LOZANO, Judge
                                   **United States District Court**