UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99 CR 117 |
| | ) | |
| ROSIVITO HOSKINS | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Rosivito Hoskins' motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 87.) For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In May 2000, following his jury trial, Hoskins was sentenced to a 293-month term of imprisonment, to be followed by a 5-year term of supervised release, for his possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE # 56.) Hoskins is currently incarcerated at FCI Elkton, in Lisbon, Ohio. Hoskins is 59 years old and has a projected release date of November 9, 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 21, 2020).

On September 16, 2020, Hoskins filed a motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 87.) Hoskins claims that the conditions in his particular prison, in combination with his age and medical conditions – diabetes, obesity, and history of prostate cancer – place him at higher risk of serious illness were he to contract COVID-19. He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison.

Hoskins' medical records reveal that his diabetes is being treated with medication. (DE # 103-1.) Hoskins also has a history of prostate cancer and underwent radiation in 2018. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Hoskins' motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Hoskins may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 89.) The FCD accepted the appointment and provided assistance to Hoskins.

The Government opposes Hoskins' motion. (DE # 102.) This matter is fully briefed and is ripe for ruling.

## II.    ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

**1. Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The Government argues that defendant failed to exhaust his administrative remedies. However, on July 31, 2020, Hoskins submitted a request for compassionate release based on his medical conditions. (DE # 107-1.) It appears that he never received a response from the warden of his facility. More than 30 days later, Hoskins filed the present motion. Accordingly, the court finds that Hoskins has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

**2. Extraordinary and Compelling Reasons**

The court is only authorized to grant Hoskins' request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and

3

compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* Accordingly, the court will consider Hoskins' motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Hoskins argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity and Type 2 diabetes increases a person's risk for severe illness from COVID-19. *People with*

4

*Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020). The CDC also reports that, while currently having cancer increases a person's risk of severe illness from COVID-19, it is not known whether having a history of cancer increases a person's risk. *Id.* Finally the CDC has identified age as a risk factor for severe illness, complications, and death from COVID-19. *Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last visited Dec. 22, 2020) (reporting that a study from China found that the case fatality rate was 3.6% in those 60-69 years old, and a U.S. study found that the case fatality rate was 1%-3% in those 55-64 years old). Hoskins will turn 60 on December 24, 2020.

     While Hoskins may be at an increased risk were he to contract COVID-19, the BOP has now effectively controlled the spread of the virus at his prison. FCI Elkton, the facility where Hoskins is incarcerated, initially had a wide-spread outbreak of COVID-19. The BOP reports that 888 inmates and 54 staff members at the facility have recovered from the virus. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2020). Currently, however, the prison has three inmate and 21 staff cases of COVID-19 at the facility. *Id.* There have been nine inmate and zero staff deaths due to the virus. *Id.*

Under the circumstances, Hoskins has not established an extraordinary and compelling reason warranting compassionate release. His medical conditions alone do not meet this standard, as there is no indication that his conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. Furthermore, his conditions, in light of the COVID-19 pandemic, do not justify compassionate release. While Hoskins may be at an increased risk were he to contract COVID-19, his medical records show that his condition is being monitored and treated with prescription drugs, under the supervision of health care professionals at the BOP. Moreover, it appears that the virus has been effectively controlled at his facility. Accordingly, Hoskins has failed to identify an extraordinary and compelling reason for his early release from prison.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to Hoskins' situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison

6

could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 87).

**SO ORDERED.**

Date: December 23, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT