UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99 CR 117 |
| | ) | |
| ROSIVITO HOSKINS | ) | |

## OPINION and ORDER

This matter is before the court on defendant Rosivito Hoskin's motion related to Amendment 821 of the United States Sentencing Guidelines. (DE # 130.) The court construes defendant's motion as a motion for a reduction in sentence pursuant to Amendment 821.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf. Any retroactive decrease in sentence pursuant to Amendment 821 may not go into effect until February 1, 2024.

In this case, defendant was sentenced to 293 months' imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), to be followed by a five-year term of supervised release. (DE # 55.) On November 3, 2023, defendant filed a motion requesting counsel to assist him in filing a motion for a reduction in sentence pursuant to Amendment 821. (DE # 130.) This court ordered the Federal Community Defender to determine whether it could represent defendant in this matter. (DE # 132.) The Federal Community Defender filed a motion to withdraw, stating that, after reviewing defendant's presentence investigation report ("PSR"), it would not be able to assist defendant in seeking relief pursuant to Amendment 821. (DE # 134.) This court granted the motion to withdraw. (DE # 135.)

A review of the record reveals that defendant is not entitled to relief under Amendment 821. First, defendant does not qualify for a reduction in sentence under Part A, which limits the impact of status points on certain offenders' criminal history calculation. The PSR indicates that none of defendant's 17 criminal history points are status points. Thus, Part A does not impact his criminal history category or sentence.

Second, defendant does not qualify for a sentence reduction under Part B, which provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points. The PSR indicates that defendant received 17 criminal history points for prior offenses.

In summary, because defendant cannot make a showing that he is entitled to relief under Part A or Part B of retroactive Guidelines Amendment 821, his motion, if construed as a motion for a sentence reduction, must be denied.

For these reasons, defendant's motion (DE # 130) is construed as a motion for a reduction in sentence pursuant to Amendment 821, and is **DENIED**.

                                            **SO ORDERED.**

Date: December 5, 2023

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT