UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99 CR 117 |
| | ) | |
| ROSIVITO HOSKINS | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Rosivito Hoskins' second motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 117.) For the reasons that follow, the motion will be denied.

I.  BACKGROUND

In May 2000, following his jury trial, Hoskins was sentenced to a 293-month term of imprisonment, to be followed by a 5-year term of supervised release, for his possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE # 56.) Hoskins is currently incarcerated at FCI Butner Medium II, in Butner, North Carolina. Hoskins is 63 years old and has a projected release date of December 6, 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 13, 2024).

Before the court is defendant's second motion for compassionate release based on his concerns about his risk of serious illness from COVID-19. This court previously denied a similar motion in 2020. (DE # 109.) In his present motion, he argues that his medical condition has further deteriorated and COVID-19 presents a severe risk to his health. He also argues that he has a terminal illness that independently qualifies him for

compassionate release. (DE # 117 at 11.)

The Government opposes Hoskins' motion. (DE # 140.) Defendant did not file a reply and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). This matter is now ripe for ruling.

## II.   ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

In this case, defendant has not passed the first hurdle on his path to compassionate release because he failed to exhaust his administrative remedies. Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion of a compassionate release request is a mandatory claim-processing rule that must be enforced if properly invoked by the Government. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Here, the Government has invoked this affirmative defense. (DE # 140 at 7.) Defendant alleges that he exhausted his administrative remedies by providing the Warden (via his social worker) with a request for compassionate release, and when there was no response within 30 days, he claims that he followed up with an electronic request. (DE # 117 at 2.) While he claims that he attached both requests as exhibits to his motion for compassionate release, no such documents appear in the record. On the other hand, the Government has attached evidence that the BOP has not received a compassionate release request from Hoskins since his initial request in 2020. (DE # 140-2 at 1.) The court finds that the Government has established that Hoskins has not yet administratively exhausted his present request for compassionate release, and therefore his motion must be denied.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 117).

**SO ORDERED.**

Date: June 14, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3