UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99 CR 117 |
| | ) | |
| ROSIVITO HOSKINS | ) | |

## OPINION and ORDER

This matter is before the court on defendant Rosivito Hoskins' third motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 149.) For the reasons that follow, the motion will be granted.

I.   BACKGROUND

In May of 2000, following his jury trial, Hoskins was sentenced to a 293-month term of imprisonment, to be followed by a five-year term of supervised release, for his possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE # 56.) Hoskins is currently incarcerated at FCI Butner Medium II, in Butner, North Carolina. Hoskins is 64 years old and has a projected release date of December 6, 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 14, 2025).

Before the court is defendant's third motion for compassionate release based on his concerns about his risk of serious illness from COVID-19. This court previously denied a similar motion in 2020. (DE # 109.) This court denied a second motion for compassionate release in June of 2024, on the grounds that Hoskins had failed to exhaust his administrative remedies. (DE # 145.)

In his present motion, Hoskins argues that his medical conditions (stage IV prostate cancer, type II diabetes, obesity, and sickle cell disease) place him at an increased risk of serious illness were he to contract COVID-19 again. (DE # 149 at 5-6.) He also argues that he has a terminal illness that independently qualifies him for compassionate release. (*Id.* at 12.) The Government opposes Hoskins' motion. (DE # 140.)

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, there are a handful of statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.  Exhaustion

The Government argues that Hoskins only exhausted his administrative remedies as to a claim of having a debilitating medical condition – a basis for compassionate release separate from his current claim that he has a terminal illness. *See* U.S.S.G. § 1B1.13(b)(1)(A), (B). The Government's argument is based on the form that Hoskins submitted to his prison, requesting a reduction in sentence. (DE # 161 at 6.) The form instructed Hoskins to circle one basis for his request (Terminal Medical Condition,

2

Debilitated Medical Condition, or Elderly with Medical Conditions) and Hoskins circled the word "Debilitated." (DE # 149-1 at 3.) He did not circle the choice for "Terminal Medical Condition." (*Id.*) Yet, as the Government concedes, Hoskins provided additional clarification for the basis of his claim in his submissions to the prison. In his request, he stated that he has malignant prostate cancer that has spread to his right pubic bone and stated, "[t]he petitioner contends that an 'extraordinary and compelling' reason for compassionate release exists where the defendants suffers from a terminal illness." (DE # 149-1 at 8.) He went on to provide the prison with several case citations to support his claim that he is eligible for a reduction in sentence on the grounds of a terminal illness. (*Id.*)

The Government, which bears the burden of proof on its administrative exhaustion affirmative defense, has failed to established that Hoskins' failure to circle "Terminal Medical Condition" constitutes failure to exhaust, in the context of the remainder of his submissions to the prison. The court will therefore consider the merits of Hoskins' claim.

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there are "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission has determined that an inmate has an extraordinary and compelling reason for compassionate release where:

3

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1)(A).

The Government's objections to finding that Hoskins' condition qualifies as extraordinary and compelling stem largely from the Government's application of outdated law. The Government responded to Hoskins' motion as if the Sentencing Commission had not yet updated its definition of what qualifies as an extraordinary and compelling reason after the passage of the First Step Act.[1] Yet, these updates to U.S.S.G. § 1B1.13 went into effect in November of 2023, more than a year before the Government filed its response.

The Government concedes that Hoskins has stage IV cancer that has metastasized to his lymph nodes and bones, and suffers "from an incurable disease from which he is not likely to recover." (DE # 161 at 14-15.) However, the Government quibbles over the word "terminal," arguing that approximately 30% of patients with metastasized stage IV prostate cancer have a five-year survival rate. This argument is not well taken and in fact provides support for Hoskins' position that he has "a serious and advanced illness with an end-of-life trajectory" as set forth in § 1B1.13(b)(1)(A). Hoskins' medical records show that his cancer had metastasized as of March of 2023

---

[1] The First Step Act modified § 3582(c)(1)(A), to permit defendants to directly bring motions for compassionate release, rather than requiring that such requests come from the Bureau of Prisons. For a discussion on the ensuing legal uncertainty resulting from this change, *see United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020).

(DE # 163 at 11), so even assuming that he is part of the small percentage of patients who reach the five-year survival milestone, more than two of those years have now passed.

The Government also argues that Hoskins' cancer is "under control" and that Hoskins appears to be feeling well. (DE # 168 at 2.) The Government submitted a declaration from the Clinical Director at the prison where Hoskins is currently incarcerated, Dr. Andrew Stock, who reviewed Hoskins' medical records and concluded that Hoskins' prostate cancer appears to be under control at this time. (DE # 170 at 686.) At a medical appointment with his oncologist on May 13, 2025, Hoskins requested to stop androgen deprivation therapy (ADT). (*Id.*) Given that Hoskins has been taking ADT medications for over two years and because his prostate-specific antigen (PSA) remains suppressed, Hoskins' oncologist agreed that Hoskins could stop taking the ADT medications, and resume the medication if his PSA rises in the future. (*Id.* at 686, 439.) On May 14, 2025, Hoskins indicated to BOP medical staff that he would like to refuse future medical appointments given that he was able to discontinue the ADT medication. (*Id.* at 686, 437.)

While it is a positive sign that Hoskins' condition appears to be well-managed at this time, it does not change the fact that Hoskins has an extraordinary and compelling reason for compassionate release as set forth by the Sentencing Commission. Hoskins suffers from a serious and advanced illness with an end-of-life trajectory. He suffers from metastatic solid-tumor cancer, which the Sentencing Commission provides as an

5

example of a condition that is extraordinary and compelling. Accordingly, the court will proceed to the next step of the compassionate release analysis.

### 3. Section 3553(a) Factors and Applicable Policy Statements

The court may only grant defendant's motion for compassionate release if the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The court has done both and finds that compassionate release is warranted in this case.

Relevant factors set forth in § 3553(a) and the applicable policy statements both support granting compassionate release. While Hoskins' possession of a firearm as a felon was a serious offense, he has now served more than 25 years for this crime. Hoskins' lengthy term of imprisonment is just five months away from completion, and the time he has served reflects the seriousness of his offense and provides adequate deterrence to future criminal conduct. Furthermore, there is no evidence that Hoskins, a 64 year-old man with stage IV cancer, would present a danger to society. The Government has not presented any evidence that Hoskins has received any disciplinary action while incarcerated or provided any reason, other than crimes committed more than 25 years ago, that would support a finding that he poses a danger to the community. All in all, the court finds that granting Hoskins compassionate release is consistent with both the sentencing factors set forth in § 3553(a) as well as the Sentencing Commission's applicable policy statements.

6

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 149). The Bureau of Prisons is directed to release defendant as soon as possible, following a determination by the U.S. Probation Office of an acceptable living situation, and the arrangement of defendant's transportation to that place. His sentence of imprisonment is modified to time-served. However, the remaining portion of the original term of imprisonment shall be served as an additional term of supervised release, subject to the same terms imposed in this court's original judgment. Defendant shall then complete the five-year term of supervised release imposed in the original sentence. The remaining terms of defendant's sentence remain unchanged. The Government shall serve a copy of this order on the Warden at defendant's place of incarceration, and shall file a status update with the court upon defendant's release from prison, or by **August 6, 2025**, whichever is earlier.

The court **DENIES** defendant's motion for appointment of counsel to assist him in this motion (DE # 153), pursuant to 18 U.S.C. §§ 3006A(a)(1), (a)(2); *United States v. Blake,* 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013). The court **GRANTS** the Government's motions to seal. (DE ## 162, 169.)

**SO ORDERED.**

Date: July 23, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT